### JONES & CO v HERBERT

Ohio Appeals, 6th Dist, Lucas Co

No 2118.   Decided Jan 21, 1929

Ritter & Brumback and Dudley F Smith, all of Toledo, for Jones & Co.

Denman, Miller & Wall and J H Beatty, all of Toledo, for Herbert.

**RICHARDS, J**

In the general charge the court instructed the jury as follows:

"It is the duty of the jury in considering the question of the regulations of the city given the form of law, to be considered by you in the question of negligence. If you find that the plaintiff Jones & Co. had the right of way, and if you find that the plaintiff Jones & Co. operated at a lawful speed and did not violate the traffic law, and defendant Herbert did violate the traffic law, in crossing said intersection, then said Jones, plaintiff, will recover; but if plaintiff Jones did violate the traffic law and defendant Herbert did

**154**

not violate the traffic law of the city, then the defendant may recover, that is the defendant Herbert. But if you find that both plaintiff Jones and defendant Herbert violated the traffic laws of the city, then both were negligent and neither can recover."

This is clearly not a correct statement of the law. It entirely ignores the subject of proximate cause and makes the rights of the parties depend solely upon the question of a violation of the traffic law. Furthermore, the amended petition contained as one ground of negligence a claim that the defendant failed to keep a proper lookout in operating his car, and evidence was introduced on that subject, and on such a charge of negligence a question of ordinary care would be involved.

At various other places in the course of the general charge the trial judge also ignored the requirement that negligence, to be available, must be proximately or directly the cause of the collision and damage. We will not take the time to quote other instructions to the jury in the general charge, but many of them are prejudicial and erroneous by reason of the fact that they ignore proximate cause. It is true that at some places in the charge the court instructs the jury on that subject, but reading the charge as a whole, we think it apparent that the jury must have been misled to the prejudice of the plaintiff.

We cannot find that the issues were stated to the jury other than by reading the pleadings of the parties, first, the pleadings in the action brought by Jones & Co., and then the pleadings in the action brought by Herbert.

We do not find prejudicial error in refusing to give the requests asked to be given before argument. Those requests are not literally correct, and the court is not bound to give a request before argument unless it is strictly accurate.

Request No. 3, in charging as to which party has the right of way, contains the limitation "approaching from the right in its path", while the true rule would be "approaching from a different direction in its path." This requested instruction is not entirely in accord with the decision in **Heidle, et al. vs. Baldwin,** decided by the Supreme Court March 28, 1928, **161 N. E., 44, 118 Ohio St.**

For the reasons given the judgment will be reversed and the case remanded for a new trial.

Williams and Lloyd, JJ, concur.